UNITED STATES of America, Plaintiff-Appellee,

v.

Harold Lester JACKSON and Jerry Wayne Jackson, Defendants-Appellants.

No. 75–1529.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 17, 1975.

Decided Nov. 17, 1975.

**1026**

A. Thomas MonCeret, Emerson, Fain & Johnson, Knoxville, Tenn. (Court appointed CJA), Wayne A. Whitehead, Knoxville, Tenn., for defendants-appellants.

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn. for plaintiff-appellee.

Before EDWARDS and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

The two appellants in this case were convicted on two counts of possessing sawed-off shotguns, in violation of 26 U.S.C. §§ 5861(d), 5871, and aiding and abetting, in violation of 18 U.S.C. § 2 (1970).

On inspection of the files, records, and consideration of the oral argument in this case, we conclude that the Knoxville police who stopped and searched the car in which the Jacksons were arrested, and in which two sawed-off shotguns were found, had probable cause to make the stop and the search involved.

Previously the Knoxville police department had received a telephone call from a Mike Lewellyn in which he stated that there was a car in his driveway with a Georgia license, "and they said they had guns and they wouldn't leave the driveway." Two officers thereupon responded and talked with Debbie Lewellyn. Thereafter one of the officers, who testified at trial, said that he put out through the police radio an order to pick up a green Chevy Camaro with a black hood, containing four males who had some "sawed-off shotguns" and who were heading toward Tyson Park. Another Knoxville police officer saw the car described at the location referred to, and joined by another officer, made the stop and search.

We agree with the District Court that there was probable cause to believe a felony was being committed prior to the stop and search concerned, and that there was ample evidence to support the possession and aiding and abetting counts.

Finding no reversible error in the Judge's rulings on evidence or pretrial motions, the judgments of conviction are affirmed.